# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENDELL M. HOUZE,

                    Petitioner,              Case Number: 2:18-CV-13294
                                            HONORABLE SEAN F. COX

v.

SHERMAN CAMPBELL,

                    Respondent.

_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
## AND DISMISSING PETITION WITHOUT PREJUDICE

Kendell M. Houze, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his first-degree criminal sexual conduct conviction. *See* Mich. Comp. Laws § 750.520b. Now before the Court is Respondent's Motion to Dismiss.

## I. Background

Petitioner was charged in Wayne County Circuit Court with three counts of first-degree criminal sexual conduct and six counts of third-degree criminal sexual conduct. Petitioner pleaded guilty to one count of first-degree criminal sexual conduct pursuant to a plea agreement providing for the dismissal of the remaining charges and a sentence of ten to twenty years. On July 26, 2017, the trial court

sentenced Petitioner in accordance with the plea agreement to ten to twenty years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals claiming that the trial court erred in denying his motion for leave to withdraw his guilty plea. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Houze*, No. 342151 (Mich. Ct. App. Feb. 28, 2018). Petitioner filed an application for leave to appeal in the Michigan Supreme Court arguing that his pre-sentence investigation report contained errors. The Michigan Supreme Court denied leave to appeal. *People v. Houze*, 503 Mich. 860 (Sept. 12, 2018).

On October 12, 2018, Petitioner filed the pending habeas petition. Respondent filed a motion to dismiss the petition on the ground that it contains only unexhausted claims.

## II. Discussion

Petitioner raises four claims in his habeas petition:

I.    The trial court abused its discretion in deciding evidentiary issues.

II.    Ineffective assistance of counsel.

III.    Petitioner's guilt was not supported by sufficient evidence and his plea therefore was based upon an insufficient factual basis.

IV.    Petitioner's sentence is unreasonable and disproportionate.

*See* Pet. at 1-3, ECF No. 1, Pg. ID 1-3.

Respondent argues that the petition contains only unexhausted claims. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015). *See also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner presented a portion of his third claim regarding the validity of his guilty plea to the Michigan Court of Appeals. He did not, however, raise this claim in the Michigan Supreme Court. He failed to present the remaining claims in the Michigan Court of Appeals or Michigan Supreme Court. His petition, therefore, contains only unexhausted claims.

A prisoner must comply with the exhaustion requirement as long as there is

still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Petitioner may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Petitioner is required to exhaust state court remedies, but has not done so. The motion will be granted.

## III. Conclusion

Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 9) and DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a

constitutional right, and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S.

473, 484-85 (2000).  Reasonable jurists would not debate the correctness of the

Court's procedural ruling.  Accordingly, the Court DENIES a certificate of

appealability.

SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 5, 2019